UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ALLSTATE PROPERTY AND CASUALTY
INSURANCE COMPANY                                                                                    PLAINTIFF

v.                                                                              CIVIL ACTION NO. 3:13cv177-DPJ-FKB

RENA MOORE, MICHAEL MORMENT,                                                              DEFENDANTS
and RICHARD WILLIAMS

ORDER

This declaratory-judgment action is before the Court on Plaintiff Allstate Property and Casualty Insurance Company's Motion for Default Judgment [22].  To date, Defendants Michael Morment and Richard Williams have failed to answer or otherwise appear in this action, despite having been served by publication pursuant to Federal Rule of Civil Procedure 4(e)(1) and Mississippi Rule of Civil Procedure 4(c)(4).  Allstate now asks the Court to enter default judgment as to those two defendants.  To avoid the risk of inconsistent judgments among similarly situated defendants, the motion is denied without prejudice.

I.      Facts and Procedural History

This case involves a homeowners insurance policy issued by Allstate to Defendant Rena Moore.  During the time the policy was in force, a fire occurred at the property insured under the policy.  Allstate alleges that, in the course of its investigation into the fire, it discovered that Moore made material misrepresentations when initially obtaining the policy.  Allstate also concluded that the fire had been intentionally set at a time when Morment, with Moore's permission, was present at the property.

Allstate filed this lawsuit against Moore, Morment, and Williams, who is alleged to have loaned Moore money to repair the property and who therefore may assert lienholder status on the

property, on March 22, 2013.  Allstate seeks a declaratory judgment that (1) the policy is void, (2) Williams either is not a lienholder or cannot recover under the policy because there is no coverage available to Moore, (3) Morment has no claim under the policy or otherwise against Allstate, and (4) neither Moore, Williams, Morment, nor any third party has any claim to policy proceeds resulting from the fire.  Additionally, Allstate seeks judgment "against Moore and Morment jointly and severally in the amount to be shown by the proof to have been advanced [under the policy] plus all investigative and litigation costs . . . incurred in the investigation of the claims and this litigation . . . as a result of the . . . fire loss."  Compl. [1] at 20.

Following service on Morment and Williams [15, 16, 17, 18] and their failure "to plead or otherwise defend," at Allstate's request, the clerk entered Morment's and Williams's defaults [21].  Fed. R. Civ. P. 55(a).  Allstate now moves for default judgment against Morment and Williams.  It asks the Court to rule in its favor on a number of claims but "requests the Court hold in abeyance its ruling on whether Allstate is entitled to joint and several judgment against Moore and Morment" for expenses "incurred in the investigation of the claims and the litigation as a result of the . . . fire until such time as the Court has made a coverage determination relating to the claims and allegations pertaining to Rena Moore."  Mot. for Default J. [22] at 11.

II.     Analysis

"A party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default."  *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996) (footnote omitted).  "In fact, 'default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.'"  *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (citing *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir.

1989)).  Default judgments "are 'available only when the adversary process has been halted because of an essentially unresponsive party.'"  *Sun Bank of Ocala*, 874 F.2d at 276 (citing *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970)).

While Morment and Williams are technically in default, the Complaint seeks to impose joint and several liability on Moore and Morment.  When joint and several liability is at issue, default judgment against one, but not all, potentially liable defendants is not appropriate.  *See Wells Fargo Bank, N.A. v. Planetta Custom Homes, LLC*, No. 1:12cv213-HSO-RHW, 2013 WL 5445129, at *2 (S.D. Miss. Sept. 30, 2013) (citing *Frow v. De La Vega*, 82 U.S. 552, 554 (1872)) (additional citations omitted).  And although Allstate asks the Court to hold the joint-and-several-liability portion of its claims against Morment in abeyance, the remaining claims against Moore, Morment, and Williams are, at least to some degree, intertwined and related.  There is a risk that inconsistent judgments would result if the Court entered default judgment against Morment and Williams and Moore ultimately prevailed.  *See Gulf Coast Fans, Inc. v. Midwest Elecs. Imps., Inc.*, 740 F.2d 1499, 1512 (5th Cir. 1984) ("[W]hen defendants are similarly situated, but not jointly liable, judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits." (citations omitted)).  The Court concludes that the more prudent course is to deny the motion at this time without prejudice to Allstate's right to raise the issue again when the claims against Moore are properly before the Court for consideration.

III.     Conclusion

The Court has considered all of Allstate's arguments. Those not specifically addressed would not have changed the outcome. For the foregoing reasons, Allstate's Motion for Default Judgment [22] is denied without prejudice.

**SO ORDERED AND ADJUDGED** this the 9th day of April, 2014.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE